IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALLET AND COMPANY INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 19-1409 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| ADA LACAYO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### **ORDER**

Defendant Bowers's Motion (Doc. 54) to dismiss for lack of personal jurisdiction will be denied.

Within this context (*i.e.*, allegations that a former employee misappropriated trade secrets and confidential information), a good summary of the law, and relevant distinctions, can be found in Goodway Group v. Sklerov, 2018 WL 3870132 (E.D. Pa. Aug. 15, 2018). The Goodway Court found personal jurisdiction lacking where, for example, the plaintiff merely alleged that "certain administrative functions" of the defendants' employment were handled in the Pennsylvania office; and otherwise, the employee(s) received their offers of employment and signed employment contracts outside of Pennsylvania; they reported to supervisors who lived and worked outside the Commonwealth; and there was no evidence of consistent communications between other Pennsylvania employees and the defendants. *See id.* at *6. Goodway distinguished two other decisions, finding specific personal jurisdiction, where "all of the [former employees'] essential functions that allowed [them] to earn a living were channeled through Pennsylvania." *Id.* at *6-7 (*citing and quoting* Numeric Analytics, LLC

v. McCabe, 161 F. Supp.3d 348 (E.D. Pa. 2016) *and* Neopart Transit, LLC v. Mgmt. Consulting, Inc., 2017 WL 714043 (E.D. Pa. Feb. 23, 2017)).

Plaintiff has convinced the Court that, by virtue of Mr. Bowers's elevated position in the company and otherwise, his essential functions were channeled through Plaintiff's operations in Pennsylvania.  *See* Aff. filed at Doc. 57-1 ¶¶ 3-6.  This, in conjunction with Mr. Bowers's documented activities in, and directed toward, Pennsylvania − both customer-based, and vis-à-vis his involvement in Mallet's general business operations, *see id*. at ¶¶ 9, 11-15, 17-18, 20-27 & 29-30 – is enough.  The only point the Court may quibble with in Numeric Analytics and Neopart is their suggestion that those presented "close" cases – and, in any event, the Court does not consider this one to be.[1]

Accordingly, Defendant Bowers's Motion to Dismiss (**Doc. 54**) is **DENIED**.

IT IS SO ORDERED.


May 28, 2020                                          s/Cathy Bissoon
                                                      Cathy Bissoon
                                                      United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[1] Although courts generally evaluate specific jurisdiction on a claim-by-claim basis, for "certain factually overlapping claims," such an exercise is unnecessary.  TorcUP, Inc. v. Aztec Bolting Servs., Inc., 386 F. Supp.3d 520, 525 n.2 (E.D. Pa. Jul. 9, 2019) (citation to published authority omitted).  The Court believes that Plaintiff's theories are sufficiently-overlapping for this rule to apply; but, even did it not, the Court's determinations would remain unchanged.