IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALLET AND COMPANY INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 19-1409 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| ADA LACAYO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### **ORDER**

Plaintiff's Motion (**Doc. 73**) to Quash Third-Party Subpoenas is **DENIED**, with instructions.

As an initial matter, Plaintiff has failed to convince the Court that it has standing to seek the relief-requested.  *Compare* Mot. (arguing that the subpoenas are improper because Defendant Bowers failed "to take reasonable measures to spare nonparties from undue burden [and/]or expense") *with* Cardona v. Vivint Solar, Inc., 2019 WL 4686556, *2 (E.D. Pa. Sept. 26, 2019) (absent an exception "where a party claims some personal right or privilege [with] respect to the subject matter of a subpoena *duces tecum*," "only the non-parties . . . served with the subpoenas may move to have them quashed under [Rule 45]") (citations and internal quotations omitted). Furthermore, any motion to quash properly would be directed to the court for the district where compliance is required, in this instance, Georgia.  Fed. R. Civ. P. 45(d)(3)(A); *accord* Vermeer Mfgr'g Co. v. Toro Co., 2020 WL 1236312, *2 (W.D. Okla. Mar. 13, 2020).

On the other hand, the Court has difficulty imagining the relevance of the targeted-information, as referenced in Plaintiff's Motion[1] − both as a general matter, and, particularly, within the context of the new proportionality-standards.  Also troubling are the reports of Plaintiff's counsel (if true) regarding the degree to which Defendant is honoring the spirit and intent of the Court's enhanced good-faith-conferral requirement.  *See* text-Order dated Jun. 1, 2020 (corresponding to Dkt. No. 69).  Thus, while Plaintiff's Motion is denied, **the Court again directs the parties to confer and make best-faith efforts to ensure the prompt, efficient and proportionality-conscious exchange of information in advance of the Preliminary Injunction Hearing**.

    IT IS SO ORDERED.

June 29, 2020　　　　　　　　　　　　　　　　s/Cathy Bissoon
　　　　　　　　　　　　　　　　　　　　　　Cathy Bissoon
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[1] *See id.* at ¶ 6 (discussing "a stock purchase agreement related to the equity purchase of Mallet − which Mallet has already produced in redacted form and counsel were discussing amongst themselves").