**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MALLET AND COMPANY INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 19-1409 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| ADA LACAYO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING PLAINTIFF'S AMENDED
MOTION FOR PRELIMINARY INJUNCTION**

Having considered the parties' counter-proposals regarding the terms of the preliminary

injunction order, including the posting of a security bond, the Court hereby ORDERS as follow:[1]

1.      Lacayo must abide by the restrictions in her Covenant, including the confidentiality

provision and, as a result, is enjoined from working, directly or indirectly, in any capacity

(including, but not limited to, working as an employee, independent contractor, marketer, agent,

or consultant), for Bundy, Synova or any person or entity that is competitive with Mallet.

2.      Bowers must abide by the confidentiality provisions in his Covenant, and is enjoined

from working, directly or indirectly, in any capacity (including, but not limited to, working as an

employee, independent contractor, marketer, agent or consultant), for Bundy, Synova or any

person or entity that is competitive with Mallet.

3.      Lacayo and Bowers are enjoined from contacting Bundy's and/or Synova's employees,

officers, directors, leadership, consultants or any other persons in a fiduciary relationship with

---

[1] The Court acknowledges Defendants' preservation of all objections and arguments,
as contemplated in the Order dated November 23, 2020.  *See* pgs. 26-27 in Doc. 109.

Bundy and/or Synova or any parent, subsidiary or affiliate of Bundy and/or Synova provided, however, Lacayo and Bowers may communicate with Bundy and Synova, solely in the presence of defense counsel, for the sole purpose of preparing their defense and claims in this litigation.

4.      Lacayo's and Bowers's access to all Bundy and/or Synova electronic systems is prohibited.

5.      During the discovery period preceding the injunction hearing, Lacayo produced to Defendants' discovery vendor, bit-x-bit, certain USB devices in her possession, of which forensic images were provided to Mallet's counsel.  Those devices remain in the custody of bit-x-bit, and shall not be returned to Lacayo.  Upon Mallet's request and subject to preservation of the information on such devices for evidentiary purposes, bit-x-bit will destroy those USB devices.  Also during the discovery period preceding the injunction hearing, Lacayo provided access to her Gmail email account to bit-x-bit.  Bit-x-bit changed her password on or about May 21, 2020, and has not disclosed that password to Lacayo or her counsel.  Lacayo is prohibited from accessing that Gmail account or its contents, except to the extent necessary for the preparation of her defense.  Forensic images of the computers that Lacayo used that belonged to Bundy/Synova have been provided to Plaintiff's counsel.  Lacayo is prohibited from accessing those computers, however, Lacayo and her counsel may access the forensic images of such computers to the extent necessary for the preparation of her defense.  Additionally, during discovery, Lacayo provided to her counsel a box of paper documents, copies of which were produced to Plaintiff.  Upon Plaintiff's request and subject to preservation for evidentiary purposes, Lacayo's counsel shall deliver that box of documents to Plaintiff's counsel.  Lacayo and her counsel may access the copies of such documents to the extent necessary for the preparation of her defense.

6.     Defendants are enjoined from using Mallet's confidential, proprietary and/or trade secret information in any respect.

7.     Lacayo and Bowers are required to return to Mallet all physical and electronic documents containing Mallet information.

8.     Given that Lacayo and Bowers have misappropriated Mallet's protectable information, a third-party forensic expert and Mallet's counsel, on an attorneys' eyes only basis, are hereby given access to any personal email accounts, computers, electronic devices, external drives and cell phones that Lacayo and Bowers had access to during the relevant time to identify, remove and confirm the removal of all Mallet confidential and/or trade secret information contained therein, including, but not limited to, the following:

With respect to Lacayo:

a.     Lacayo's cell phones, including any cell phone used after the January 3, 2020 imaging by bit-x-bit;

b.     Lacayo's personal desktop computer;

c.     The four (4) additional USBs connected to the second computer used by Lacayo (18600-001-003);

d.     The second computer used by Lacayo (18600-001-003) without limitation to searching its contents;

e.     The third computer issued by Bundy/Synova to Lacayo;

f.     Any cloud-based storage account used by Lacayo;

g.     Any OneNote account accessed or used by Lacayo;

h.     Lacayo's email accounts (ada.lacayo@gmail.com; ada.lacayo@protonmail.com); and

3

i.       Lacayo's Bundy/Synova email account (alacayo@synovaoil.com).

With respect to Bowers:

a.       Bowers's cell phone;

b.       Bowers's two iPads;

c.       Any cloud-based storage account used by Bowers;

d.       Bowers's email accounts (cbowers@reagan.com; chickocean@icloud.com); and

e.       Bowers's Bundy/Synova email account (wbowers@synovaoil.com).

Under no circumstances shall Mallet or its counsel or other experts or consultants be given access to any information which is subject to protection by the attorney-client privilege, the work product doctrine, the joint defense privilege, the expert witness privilege and/or other applicable privileges.

9.      A third-party forensic expert and Mallet's counsel, on an attorneys' eyes only basis, is hereby given access to Bundy's and Synova's electronic systems used from January 1, 2017 to present to identify, remove and confirm the removal of all Mallet confidential and/or trade secret information contained therein, including, but not limited to:

a.       On-site network area storage ("NAS") at Synova's offices in Westerville, Ohio;

b.       The NAS device located at Bundy's headquarters in Urbana, Ohio;

c.       Google Drive folders accessible to all individual employee computers and Google Servers;

d.       Bob Bundy's Bundy/Synova email account (rbundy@bundybakingsolutions.com); and

4

e.       the email account used to communicate with Shane Zhou regarding work for

Bundy/Synova (holsum1908@gmail.com).

Under no circumstances shall Mallet or its counsel or other experts or consultants be given access to any information which is subject to protection by the attorney-client privilege, the work product doctrine, the joint defense privilege, the expert witness privilege and/or other applicable privileges.

10.     The Court having found that a production injunction is appropriate, Defendants are enjoined from directly or indirectly formulating, manufacturing, distributing or selling products competitive to Mallet products, including any release agents and related equipment.

11.     Defendants are enjoined from working in the industry of release agents and associated equipment (in any capacity including, but not limited to, working as a marketer, agent, consultant, contractor or distributor) using Mallet's protectable information and are enjoined from directly or indirectly soliciting any Mallet customers for marketing, testing or the sale of release agents, oils or equipment in any regard.

12.     Defendants are enjoined from soliciting and/or unlawfully interfering with the business, employment or contractual relationship between Mallet and its agents, employees and/or independent contractors who have access to Mallet's confidential, proprietary and/or trade secret information.  However, any such agent, employee and/or independent contractor of Mallet may not be prohibited from contacting Defendants on his or her own initiative and/or to otherwise do business with Defendants, despite the existence of this injunction, so long as such agent, employee and/or independent contractor of Mallet does not violate any contractual or other obligations to Mallet, including not accessing, using, disclosing or revealing to Defendants or

any other individual, company or entity, any of Mallet's confidential, proprietary and/or trade secret information.

13.     Lacayo and Bowers are enjoined from directly or indirectly contacting or soliciting Mallet's customers.

14.     Defendants are enjoined from directly or indirectly disseminating any marketing materials, client communications (written or verbal), or other documents comparing Bundy and/or Synova products to any Mallet products.

15.     Defendants are enjoined from directly or indirectly inducing current and former Mallet agents, employees and independent contractors to violate their restrictive covenants with Mallet.

16.     The restrictions in this Order shall become effective immediately after Mallet posts a bond with the Clerk of Court for the Western District of Pennsylvania in the amount of **$500,000.00**.[2]  Mallet shall post this bond within 14 calendar days of the entry of this Order.

17.     The foregoing preliminary injunction shall remain in full force and effect until the Court's ruling on permanent injunctive relief.

        IT IS SO ORDERED.


December 15, 2020                              s/Cathy Bissoon
                                              Cathy Bissoon
                                              United States District Judge

---

[2]  The Court has surveyed federal court decisions in like cases, from across the country, and Plaintiff's bond proposal of $500,000 is toward the high-end of those to have been imposed. In candor, Defendants' proposal, in excess of $20 million, seems astronomical by comparison. Although Defendants may have contemplated a splitting-of-the-baby, the Court did expressly advise that it would "summarily . . . adopt the [proposals] it believe[d to be] most reasonable, appropriate and consistent with the Court's [preliminary injunction] rulings."  Doc. 109 at 27. The Court, having considered all of the parties' evidence and arguments, concludes that a $500,000.00 bond is reasonable, proper and sufficient.

cc (via ECF email notification):

All Counsel of Record