IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALLET AND COMPANY INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 19-1409 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| ADA LACAYO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons well-stated in Plaintiff's Opposition (Doc. 134), Defendants' Motion (Doc. 121) to stay the Preliminary Injunction Order (Doc. 119) will be denied.[1]

In particular, and for the reasons articulated in detail in the Court's Findings and Conclusions (Doc. 109, hereinafter "Fs & Cs"), the undersigned is not persuaded that Defendants have demonstrated a strong likelihood of success on appeal. As should be evident from the Fs & Cs, the Court does not view the evidence here as presenting a close case. The obviousness of Defendants' improper acquisition and use of Plaintiff's confidential and/or trade-secreted information could not be much clearer; and this warrants a grant of injunctive relief under at least some, if not all, of Plaintiff's alternative legal theories.

The Court also agrees with Plaintiff that Defendants have not carried their burden under the second prong, regarding irreparable injury. "Any claim of harm . . . may be discounted by

---

[1] The party requesting a stay bears the burdens, and the determinative factors are: (1) whether the applicant has made a strong showing it is likely to succeed on the merits; (2) whether the movant will be irreparably injured absent a stay; (3) whether a stay will substantially injure the other interested parties; and (4) the public interest. U.S. v. Brace, 2020 WL 4581183, *2 (W.D. Pa. July 31, 2020) (citation to quoted, binding authority omitted).

2

the fact that [Defendants] brought that injury upon [themselves]." <u>I.B.T., Local Union No. 211 v. PG Pub. Co., Inc.</u>, 2019 WL 9101872, *6 (W.D. Pa. Dec. 27, 2019) (quoting and applying <u>Novartis v. Johnson & Johnson</u>, 290 F.3d 578, 596 (3d Cir. 2002) within the context of a request for stay). For the reasons articulated in the Fs & Cs, that is what happened here. And, although the consequences of the Preliminary Injunction Order are not insubstantial, the Court cannot agree with Defendants that their claims of irreparable injury warrant a stay under prevailing legal standards.

Defendants having failed under the first two prongs, the Court need not address the remaining ones. <u>Brace</u>, 2020 WL 4581183 at *2. Accordingly, Defendants' Motion (**Doc. 121**) for a stay is **DENIED**.

IT IS SO ORDERED.


January 6, 2021                                    <u>s/Cathy Bissoon</u>
                                                   Cathy Bissoon
                                                   United States District Judge


cc (via ECF email notification):

All Counsel of Record