**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MALLET AND COMPANY INC., | ) CASE NO.: 2:19-cv-01409 |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) The Honorable Cathy Bissoon |
| ADA LACAYO, RUSSELL T. BUNDY ASSOCIATES, INC., d/b/a BUNDY BAKING SOLUTIONS, SYNOVA, LLC, and WILLIAM "CHICK" BOWERS, | ) ) ) ) |
| | ) *Electronically Filed* |
| Defendants. | ) |
| | ) |
| ———————————————— | ) |
| | ) |
| RUSSELL T. BUNDY ASSOCIATES, INC. d/b/a BUNDY BAKING SOLUTIONS and SYNOVA, LLC, | ) ) ) |
| | ) |
| Counterclaim Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| MALLET AND COMPANY INC., VANTAGE SPECIALTY CHEMICALS, INC., ADA LACAYO, and WILLIAM "CHICK" BOWERS, | ) ) ) ) |
| | ) |
| Counterclaim Defendants. | |

**DEFENDANTS AND COUNTERCLAIM PLAINTIFFS**
**RUSSELL T. BUNDY ASSOCIATES, INC. d/b/a BUNDY BAKING**
**SOLUTIONS AND SYNOVA, LLC'S MEMORANDUM IN**
**OPPOSITION TO MALLET AND COMPANY INC. AND VANTAGE**
**SPECIALTY CHEMICALS, INC.'S MOTION TO QUASH THIRD-PARTY SUBPOENA**

Defendants and Counterclaim Plaintiffs, Russell T. Bundy Associates, Inc., d/b/a Bundy

Baking Solutions ("Bundy") and Synova, LLC ("Synova" and together with Bundy,

"Defendants"), respectfully submit this Memorandum in Opposition to Plaintiff/Counterclaim

Defendant Mallet and Company, Inc. ("Mallet") and Vantage Specialty Chemicals, Inc.'s

("Vantage" and together with Mallet, "Plaintiffs") Motion to Quash Third-Party Subpoenas.  The

Motion to Quash the Third-Party Subpoena Directed to Crowe, LLP was improperly filed in the Southern District of Ohio and, as a result, that matter should be transferred to this Court -- where the civil action between Plaintiffs and Defendants is proceeding.  Further, this Court should deny Plaintiffs' Motion to Quash the third-party subpoenas directed to Crowe, LLP and Schneider Downs (the "Subpoenas") for two main reasons.  First, Plaintiffs do not have standing to quash the Subpoenas.  Second, even assuming standing exists, Plaintiffs have not demonstrated any good cause for quashing the Subpoenas.

## I.    FACTUAL BACKGROUND

Bundy and Synova properly sought third-party discovery from various auditors of Plaintiffs, including accounting firms Schneider Downs & Co., Inc. ("Schneider Downs") and Crowe, LLP ("Crowe") to obtain tax returns,  audited or reviewed financials, and related work papers.  Defendants sought this discovery due to Mallet and Vantage's refusal to produce the same documents and information, despite asserting a damage claim of $26 million.  Given Mallet and Vantage's substantial damages claim, Mallet's financial information is plainly relevant and proportional to the needs of this case.

Pursuant to Fed. R. Civ. P. 45(a)(4), Bundy and Synova provided Mallet with notice of their intent to serve a third-party subpoena upon Schneider Downs on October 26, 2022[1], and for Crowe on November 1, 2022 (the "Notices").[2] The Subpoenas required the production of certain audited financials, tax returns, and the supporting work papers and underlying records thereto for Mallet and Vantage that are relevant to Plaintiffs' alleged damages.[3]  Bundy and Synova provided

---

[1] A true and correct copy of the notice provided to Mallet regarding the Schneider Downs subpoena is affixed hereto as "**Exhibit A**."

[2] A true and correct copy of the notice provided to Mallet regarding the Crowe subpoena is affixed hereto as "**Exhibit B**."

[3] A true and correct copy of the Schneider Downs subpoena, the Crowe subpoena, and proof of service of each Subpoena is affixed hereto as "**Exhibit C**."

Plaintiffs' counsel with complete, signed copies of the Subpoenas pursuant to Federal Rule of Civil Procedure 45(a)(4). *See* Exhibits A and B. Thereafter, Defendants served Schneider Downs on October 28, 2022, and Crowe was served on November 15, 2022. *See id.* The Subpoenas called for the production of responsive documents demanded compliance at the law offices of Porter Wright Morris & Arthur, LLP in Pittsburgh, Pennsylvania within the Western District of Pennsylvania. *See* Exhibit C. The 14-day period during which Schneider Downs or Crowe could object or move to quash the Subpoena expired on November 11, 2022 for Schneider Downs and on November 29, 2022 for Crowe; however, neither Schneider Downs, Crowe, nor Plaintiffs sought any sort of recourse during that period. *See* Fed. R. Civ. P. 45(d)(2)(B). Importantly, counsel for Schneider Downs responded to the undersigned on November 7, 2022, acknowledging receipt of the Subpoena and carbon copying Mallet's counsel at Jackson Lewis PC. Pursuant to a discussion with Schneider Downs' counsel on November 10, 2022, Schneider Downs agreed to produce responsive documents in exchange for an extension of the time to produce until November 30, 2022. Despite that agreement, to date, Schneider Downs has not issued a written response or produced any documents.

On December 1, 2022, Plaintiffs asserted for the first time that they wished to object to the Subpoenas. During the meet and confer that was held on December 1, 2022, Plaintiffs raised issue with the notices provided pursuant to Rule 45, claimed that these requests were somehow "burdensome," and alleged that they violated this Court's November 17, 2022 Order, which was issued after the Subpoenas were served and which did not encompass third-party discovery, but rather solely addressed Bundy and Synova's document requests directed to Mallet. Following the meet and confer, in an effort to avoid court intervention regarding this dispute, Bundy and Synova first offered to withdraw the subpoenas in their entirety if Mallet agreed to produce the backup

work papers and financial statements used to prepare the tax returns prepared and filed by Crowe and Schneider Downs.  Mallet refused to agree to this proposal, thus forcing Bundy and Synova to seek compliance with the Subpoenas before this Court in the Western District of Pennsylvania, as noted below.[4]

In a further effort to reach a compromise and settle this discovery dispute without court intervention, on December 4, 2022, Bundy and Synova voluntarily withdrew the portions of the requests that sought Vantage-specific information.  *See* Exhibit D.  Despite Bundy and Synova's offer of substantial compromises regarding the documents requested by the Subpoena, Mallet and Vantage have insisted the Subpoenas are somehow improper.

The Policies and Procedures of this Court provide that in lieu of motion practice, counsel must contact chambers regarding any discovery dispute, at which time this Court's Chambers will advise as to how the Court wishes to proceed.  On Monday, December 5, 2022, counsel for Plaintiffs, jointly with counsel for Bundy and Synova, contacted this Court regarding this dispute and were advised to submit via email position statement letters *in lieu of any motion*.  However, despite that specific instruction, on Tuesday, December 6, 2022 at 2 a.m., Plaintiffs notified Bundy and Synova that they had also filed a motion before the United States District Court for the Southern District of Ohio, seeking to quash the third-party subpoena issued to Crowe. Bundy and Synova responded, asserting that the Southern District of Ohio does not have jurisdiction to decide the issue, and the motion to quash should be denied as without merit.  On December 13, 2022, this Court ordered that the parties submit cross-filings regarding a motion to quash the Subpoenas.  For the reasons that follow, the Motion is procedurally improper, and factually and legally without merit.

## II.    LEGAL ARGUMENT

---

[4] A true and correct copy of the offer to withdraw the subpoenas is attached hereto as "**Exhibit D**."

Plaintiffs' Motion is improper for several reasons. First, Plaintiffs filed the Motion in the district where the Subpoena was served rather than the district where compliance is required. The case law on this issue is clear – where a subpoena is served has no bearing on where compliance is required. *See Avago Techs. U.S., Inc. v. IPtronics Inc.*, 309 F.R.D. 924, 926 (E.D. Pa. 2015). The Subpoena specifically directs compliance to occur in Pittsburgh, Pennsylvania – which is within the Western District of Pennsylvania. (*See* Exhibit C, noting "Place" as the office of Porter Wright Morris & Arthur LLP, 6 PPG Place, Third Floor, Pittsburgh, PA 15222 cbmcgee@porterwright.com"). As such, if any party wished to seek timely relief within 14 days of service of the Subpoena, the place to do so is in the Western District of Pennsylvania.

Second, Plaintiffs' tactic of filing its Motion to Quash in the Southern District of Ohio is a blatant attempt to circumvent this Court's management of discovery, as well as its Chamber Rules, which limit discovery motion practice "Matters of [relating to the] conduct of discovery are committed to the sound discretion of the district court." *In re Fine Paper Antitrust Litigation*, 685 F.2d 810, 817 (3d Cir. 1982); *see also N'Jai v. Bentz*, Civil Action No. 13:1212, 2016 U.S. Dist. LEXIS 78029, *8 (W.D. Pa. 2016) ("Trial courts exercise substantial discretion over discovery.") (citing *Stich v. United States*, 730 F.2d 115, 117–18 (3d Cir. 1984)). Third, even if this Court finds that it has jurisdiction over this dispute, Plaintiffs do not have standing to quash the Subpoenas as they have no assertion of privilege over the information requested by the Subpoenas. *See Long v. H.D.J. Co.*, No. 03-3054, 2004 U.S. Dist. LEXIS 11812, at *3 (E.D. Pa. June 14, 2004). Finally, this Motion is untimely as it was filed outside of the time for compliance with the Subpoenas. *See e.g., City of St. Petersburg v. Total Containment, Inc.*, 2008 U.S. Dist. LEXIS 36735, * 5–7 (E.D. Pa. May 1, 2008) (denying motion to quash as untimely when filed one day after date of

compliance with subpoena and collecting cases from the Third Circuit and other jurisdictions which interpret timeliness under Rule 45 similarly).

## A.    Standard of Review.

Third-party subpoenas are governed by Rule 45 of the Federal Rules of Civil Procedure. Under Rule 45, a court must quash a subpoena that: "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond [certain geographical limits]; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." *Paramo v. Aspira Bilingual Cyber Charter Sch.*, No. 17-3863, 2018 U.S. Dist. LEXIS 161607, at *4-5 (E.D. Pa. Sep. 21, 2018). The party opposing a subpoena bears the "heavy burden" of demonstrating that an enumerated basis for quashing the subpoena exists. *Grimsley v. Manitowoc Co.*, No. 1:15-CV-1275, 2017 U.S. Dist. LEXIS 108500, at *11 (M.D. Pa. July 13, 2017).

## B.    Plaintiffs Improperly Filed their Motion in the Southern District of Ohio.

The Southern District of Ohio does not have jurisdiction to oversee this dispute, as the place of compliance noted in the Subpoena is in the Western District of Pennsylvania. Rule 45 makes clear that motions to quash or modify a subpoena are to be filed in "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(3)(A); *Avago Techs. U.S., Inc. v. IPtronics Inc.*, 309 F.R.D. 924, 926 (E.D. Pa. 2015)); *Genesis Abstract, LLC v. Bibby*, No. 17-302 (RBK/AMD), 2017 U.S. Dist. LEXIS 58647, *3 (D.N.J. Apr. 18, 2017); *Gilmore v. Jones*, No. 21-13184, 2022 U.S. Dist. LEXIS 16094, *6 (D.N.J. Jan. 28, 2022). In the Third Circuit, when a subpoena only requests the production or inspection of documents, the place of production is defined where the documents are to be delivered, not where they are retrieved. *Kabbaj v. Simpson*, No. 12-1322-RGA/MPT, 2013 U.S. Dist. LEXIS 55582, *14 (D. Del. Mar. 7, 2013) (quoting *Hay*

*Group, Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404, 412 (3d Cir. 2004)). Thus, the district where compliance is required (i.e., where the production is to be made) is not the district where the documents are kept, but rather, where the subpoenaed party is required produced them. *Hay Group.*, 360 F.3d at 412; *see also Borghetti v. CBD USA Grown, Inc.*, No. 19-798, 2021 U.S. Dist. LEXIS 165624, *2 (W.D. Pa. Sept. 1, 2021).

Here, the Subpoena was served at Crowe's offices in Columbus, Ohio; however, the case for which the Subpoena was issued is pending before this Court and the place for production, *i.e.* compliance, is listed as Pittsburgh, Pennsylvania. *See* Exhibit C. Thus, the documents requested by the Subpoena were to be produced to offices located in the Western District of Pennsylvania and, therefore, the place for compliance is in the Western District of Pennsylvania. *See Avago Techs*, 309 F.R.D. at 926. Accordingly, this Court should hear and decide this Motion.

Further, Plaintiffs' filing of this Motion in the Southern District of Ohio appears to be an attempt to circumvent this Court's own instructions. This Court, which has been presiding over the underlying litigation since 2019, has mandated that any discovery dispute be handled by first submitting position statements. A district court has wide discretion in the handling of discovery schedules and disputes. *In re Fine Paper Antitrust Litigation*, 685 F.2d 810, 817 (3d Cir. 1982) ("[m]atters of . . . conduct of discovery are committed to the sound discretion of the district court"); *see also N'Jai v. Bentz*, Civil Action No. 13:1212, 2016 U.S. Dist. LEXIS 78029, *8 (W.D. Pa. 2016). While Plaintiffs submitted a position statement to this Court, they have unduly complicated this issue and unnecessarily increased the burden on judicial resources by simultaneously filing a Motion to Quash in the Southern District of Ohio. The interest of judicial economy and the "just, speedy, and inexpensive determination of every action and proceeding" would be better served by litigating the instant Motion before this Court. Fed. R. Civ. P. 1.

Accordingly, Bundy and Synova request that this Court find that Plaintiffs' Motion was improperly filed in the Southern District of Ohio, and enter an Order requiring this Motion to be transferred to and adjudicated in the Western District of Pennsylvania.

**C.    Plaintiffs' Motion to Quash the Subpoenas Served on Schneider Downs and Crowe Lacks Merit and Should be Denied.**

This Court should deny the Motion to Quash the Subpoenas because Plaintiffs do not have standing to quash either the Schneider Downs or Crowe Subpoenas.  Moreover, quashing the Subpoenas is improper because Bundy and Synova engaged in proper third-party discovery practice, and Plaintiffs' motion is untimely.

### *1.    Plaintiffs do not have standing to quash the Subpoenas.*

Plaintiffs lack standing to challenge the Subpoenas issued to Schneider Downs and Crowe. As a general rule, a party does not have standing to seek to quash a subpoena directed to a non-party. *In re Actiq Sales & Mktg. Practices Litig.*, No. 2:11-mc-00274-JFC, 2011 U.S. Dist. LEXIS 130153, *5–6 (W.D. Pa. Nov. 9, 2011). Exceptions only arise when a party demonstrates a claim of privilege or personal right.  *Id.*

In its Position Statement regarding the Schneider Downs Subpoena, Plaintiffs cite cases that stand for the unremarkable proposition that a party may in certain circumstances have standing to challenge a nonparty subpoena that seeks financial records.  *See* Dkt. 1, Case No. 22-mc-00029-SJD-SKB (S.D. Ohio).  But the Subpoenas do not seek to discover Mallet or Vantage's financial records from a bank, *see Coulter v. Paul Laurence Dunbar Cmty. Ctr.*, 2020 U.S. Dist. LEXIS 265789, at *9 (W.D. Pa. June 19, 2020); *Behne v. Halstead*, 2014 WL 4672486, at *3 (M.D. Pa. Sept. 18, 2014).   Nor do the Subpoenas seek irrelevant tax information.  *See Sinclair Cattle Co. v. Ward*, No. 1:14-CV-1144, 2015 U.S. Dist. LEXIS 142070, at *8 (M.D. Pa. Oct. 20, 2015) (party had standing to challenge nonparty subpoena where the "information [party] claim[s] to seek

relating to corporate malfeasance will not most likely be found set forth in these income tax returns[,] [r]ather . . . that information most likely resides within the banking and financial records of [other parties], records that are available through discovery"). Rather, the Subpoenas to Schneider Downs and Crowe are limited to Mallet's audited financials, tax returns, and the supporting work papers and underlying records thereto for the years 2017 to the present. These documents are relevant and are necessary given Plaintiffs' prior false misrepresentations to Bundy and Synova (and to this Court) that they were unable to parse out Mallet-specific information from Vantage's tax returns. These records are relevant to Mallet's damages claims and crucial to Bundy and Synova's right to defend themselves by testing the veracity of internally-generated financial reports—which consist of unverifiable spreadsheets generated from an internal database—that Mallet has produced in this litigation. Accordingly, Plaintiffs lack standing to quash the third-party Subpoenas.

Indeed, the only claim of privilege which might apply to the documents sought in the Subpoenas is an accountant-client privilege. However, this case is before the Court under federal question jurisdiction, and federal law does not recognize an accountant-client privilege. "[I]n cases presenting federal questions the federal common law of privilege applies. It is well established that under federal law there is no accountant-client privilege." *Wm. T. Thompson Co. v. General Nutrition Corp.*, 671 F.2d 100, 101 (3d Cir. 1982); *see also Long v. H.D.J. Co.*, No. 03-3054, 2004 U.S. Dist. LEXIS 11812, at *3 (E.D. Pa. June 14, 2004) ("We reject Defendant's claim of accountant-client privilege. Federal courts are to apply federal law of privilege to all elements of claims except those as to which State law supplies the rule of decision.") (citing *Pearson v. Miller*, 211 F.3d 57, 66 (3d Cir. 2000)). Accordingly, Plaintiffs lack standing to quash the third-party subpoenas.

**2.  Even if Plaintiffs have standing to move to quash the Subpoenas, the Subpoenas should not be quashed.**

*a)  A motion to quash at this late stage is untimely.*

Any objection Plaintiffs raise at this juncture as to the notice provided, information sought, or privilege is untimely.  Under Rule 45, a motion to quash or modify a subpoena must be "timely" filed.  Fed. R. Civ. P. 45(d)(3).  Though the text of Rule 45 does not define "timely," courts in the Third Circuit interpret timely to mean that a motion to quash or modify a subpoena issued under Rule 45 must be filed within the time of compliance for the subpoena.  *See*, *e.g.*, *City of St. Petersburg v. Total Containment, Inc.*, 2008 U.S. Dist. LEXIS 36735, *5-7 (E.D. Pa. May 1, 2008).  Further, under Rule 45, Schneider Downs and Crowe had 14 days to object to the topics noticed for production pursuant to the Subpoena.  Fed. R. Civ. P. 45(d)(2)(B).  The date of compliance with both the Schneider Downs subpoena and the Crowe subpoena was stated on its face, of which Plaintiffs had prior notice.  Schneider Downs was served on October 28, 2022, and Crowe was served on November 15, 2022.  *See* Exhibit C.  Accordingly, the 14-day period in which Schneider Downs or Crowe could object or move to quash the Subpoena expired on November 11, 2022 for Schneider Downs and on November 29, 2022 for Crowe.  No timely motion or written objection was provided by either the subpoenaed non-parties or Plaintiffs' counsel prior to the date of compliance stated on the Subpoenas or within the 14 days prescribed in Rule 45.

*b)  The Subpoenas do not violate a court order.*

Plaintiffs' claim that the Subpoenas violate a court order is incorrect because both Subpoenas were issued prior to this Court's November 17, 2022 Order regarding *Vantage's* financial information or tax returns.  The Schneider Downs Subpoena was properly noticed on October 26, 2022, and served on October 27, 2022, several weeks before this Court's November

17, 2022 Order. (ECF No. 216).   Likewise, the Crowe Subpoena was properly noticed on November 1, 2022, and served on November 15, 2022, two days before this Court's November 17, 2022 Order.[5]  *Id.*

Moreover, to the extent Plaintiffs claim that the Subpoenas are now in violation of this Court's Order, Bundy and Synova have since notified Mallet, Schneider Downs, and Crowe that it has withdrawn any requests which sought Vantage's financial information or tax returns. Further, in a good faith effort to compromise with Plaintiffs to resolve the dispute, Bundy and Synova offered to Plaintiffs that they would agree to withdraw the subpoenas in their entirety if Mallet agreed to produce the underlying documents and records including the Mallet-specific audited, unaudited financial statements and other work papers prepared and relied upon by Schneider Downs and Crowe in order to prepare and submit the Mallet-specific tax returns (documents that, as discussed below, Mallet disclaimed having but in fact do exist and were prepared by Schneider Downs), for the years 2017 to the present.  Mallet rejected Bundy and Synova's offer and to date has refused to produce this limited, highly relevant information.  As

---

[5] Astoundingly, Plaintiffs claim that Bundy and Synova failed to provide them notice of the Subpoena, while attaching the very email in which notice was provided.  Although unclear from Plaintiff's Motion in the Southern District of Ohio, the implication of Plaintiffs' claim is that notice was somehow deficient because in the November 1 email Defendants provided Plaintiffs the opportunity to produce the documents sought prior to service of the nonparty subpoenas.  Plaintiffs do not—and cannot—cite a case in which a court found such notice to be insufficient. And importantly, the documents sought from Mallet have never been produced. Rather, courts have found notice to be sufficient even when given only one hour in advance of service, *CedarCrestone Inc. v. Affiliated Computer Servs. LLC*, 2014 U.S. Dist. LEXIS 90479, 19–20 (M.D. Pa. Jul. 3, 2014), or when a party claims it did not receive notice until a week after the nonparties had been served, *Manning v. Herman*, 2016 U.S. Dist. LEXIS 124574, at *8 (M.D. Pa. Sep. 14, 2016).  Plaintiffs were given ample notice of the impending service of the Subpoenas and knew they would be served.

But even if Bundy and Synova had failed to provide prior notice, such failure would not provide grounds for a motion to quash.  Accordingly, Plaintiffs must establish either that notice was not actually served or that it did not have the opportunity to object.  Plaintiffs cannot make either showing.

such, it is not improper—and certainly not in violation of this Court's November 17, 2022 Order—for Bundy and Synova to continue to seek such information.

> c) *Bundy and Synova are not required to first seek information from Plaintiffs.*

Bundy and Synova are not required to first seek information from Plaintiffs before issuing a subpoena. *See, e.g.*, *Ceuric v. Tier One, LLC*, 325 F.R.D. 558, 561 (W.D. Pa. 2018) ("Rule 45 does not require a party to demonstrate that information cannot be obtained from another party before subpoenaing it from a third-party.").[6] And, even if there were such a rule, Defendants sought this information directly from Plaintiffs, who in turn refused to produce it – thus justifying Defendants' need to obtain that information from third parties.

What information Plaintiffs have already produced is likewise irrelevant. Bundy and Synova are permitted to seek information from third-parties even if there is some overlap in requests or productions from a party. *See, e.g.*, *New Park Entm't L.L.C. v. Elec. Factory Concerts, Inc.*, 2000 U.S. Dist. LEXIS 531, 2000 WL 62315, at *5 (E.D. Pa. Jan. 13, 2000); *Med. Tech., Inc. v. Breg, Inc.*, No. 10-00100, 2010 U.S. Dist. LEXIS 100063, 2010 WL 3734719, at *4 (E.D. Pa. Sept. 21, 2010). And Bundy and Synova are permitted to seek third-party discovery for documents that test the veracity of Plaintiffs' production. *Id.; Saller v. QVC, Inc.*, No. 15-2279, 2016 U.S. Dist. LEXIS 82895, at *16 (E.D. Pa. June 24, 2016). Plaintiffs have pointed to no case law that

---

[6] The cases cited by Plaintiffs in their Motion to Quash in the Southern District of Ohio are inapposite. *Bryant v. Gallagher*, 2014 U.S. Dist. LEXIS 129729, at *6 (E.D. Cal. Sep. 13, 2014) (denying request to issue nonparty subpoenas where *pro se* plaintiff "failed to provide any basis to support his request for [nonparty] subpoenas"); *Courtright v. City of Battle Creek*, No. 1:14-CV-1297, 2015 U.S. Dist. LEXIS 192896, at *15 (W.D. Mich. Aug. 20, 2015) (ordering nonparty to comply with nonparty subpoena or show cause why it should not be enforced); *In re Plastics Additives Antitrust Litig.*, No. 03-2038, 2005 U.S. Dist. LEXIS 47979, at *13 (E.D. Pa. Aug. 9, 2005) (all documents sought in third-party subpoena were required to be held by plaintiffs pursuant to a settlement agreement, and thus there was no need to seek duplicative third-party discovery); *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 977 (Fed. Cir. 1993) (affirming district court's denial of motion to *compel* compliance with nonparty subpoena where party did not meet its burden of showing that discovery could not first be had from other party to the case); *First Aviation Servs., Inc. v. Gulf Ins. Co.*, 205 F.R.D. 65, 69 (D. Conn. 2001) (motion to *compel* compliance with nonparty subpoena denied where "[p]laintiffs have not provided any reason" why documents from over 50,000 clients of nonparty could not be sought from party instead).

shows that Bundy and Synova have somehow violated a rule regarding third-party discovery practices. Accordingly, Plaintiffs' Motion should be denied.

### III.    CONCLUSION

Bundy and Synova respectfully request that the Court find that the United States District Court for the Southern District of Ohio does not have jurisdiction to adjudicate the dispute regarding the Motion to Quash the Crowe, LLP Subpoena and that matter be transferred to this Court for all further proceedings.  Further, Bundy and Synova respectfully request that this Court deny Plaintiffs' Motion to Quash Third-Party Subpoenas directed to Schneider Downs & Co., Inc. and Crowe, LLP.


Dated: December 21, 2022                Respectfully Submitted:


                                         _/s/   Ronald L. Hicks_____
                                        Ronald L. Hicks, Jr. (PA ID #4952)
                                        Carolyn B. McGee (PA ID #208815)
                                        Kevin C. Meacham (PA ID #208152)
                                        Cara L. Brack (PA ID #330369)
                                        PORTER WRIGHT MORRIS & ARTHUR LLP
                                        Six PPG Place, Third Floor
                                        Pittsburgh, PA 15222
                                        (412) 235-4500 (Telephone)
                                        (412) 235-4510 (Fax)
                                        rhicks@porterwright.com
                                        cbmcgee@porterwright.com
                                        kmeacham@porterwright.com
                                        cbrack@porterwright.com

                                        *Counsel for Defendants/Counterclaim Plaintiffs*
                                        *Russell T. Bundy Associates, Inc., d/b/a Bundy*
                                        *Baking Solutions and Synova, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 21, 2022, I electronically filed the foregoing *Memorandum in Opposition to Motion to Quash Third-Party Subpoenas* using the CM/ECF system, which constitutes service upon all counsel and *pro se* parties of record.

*/s/Ronald L. Hicks*
Ronald L. Hicks