**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MALLET AND COMPANY INC., <br><br> *Plaintiff*, <br><br> v. <br><br> ADA LACAYO, RUSSELL T. BUNDY ASSOCIATES, INC., d/b/a BUNDY BAKING SOLUTIONS, SYNOVA, LLC, and WILLIAM "CHICK" BOWERS, <br><br> *Defendants*. <br><br>―――――――――――――――――― <br><br> RUSSELL T. BUNDY ASSOCIATES, INC. d/b/a BUNDY BAKING SOLUTIONS and SYNOVA, LLC, <br><br> *Counterclaim Plaintiffs*, <br><br> v. <br><br> MALLET AND COMPANY INC., VANTAGE SPECIALTY CHEMICALS, INC., ADA LACAYO, and WILLIAM "CHICK" BOWERS, <br><br> *Counterclaim Defendants*. | CASE NO.: 2:19-cv-01409 <br><br> The Honorable Cathy Bissoon |

**MALLET AND VANTAGE'S RESPONSE TO BUNDY AND SYNOVA'S MOTIONS TO
COMPEL REGARDING THIRD-PARTY SUBPOENAS DIRECTED TO SCHNEIDER
DOWNS AND CROWE (ECF NO. 219 AND NO. 220)**

Plaintiff/Counterclaim Defendant Mallet and Company Inc. ("Mallet") and Counterclaim Defendant Vantage Specialty Chemicals, Inc. ("Vantage") submit this response to the motions to compel filed by Defendants/Counterclaim Plaintiffs Russell T. Bundy Associates, Inc., d/b/a Bundy Baking Solutions and Synova, LLC (collectively, "Defendants"). As explained below and in Mallet and Vantage's parallel motions to quash (ECF No. 223 in this action and *Mallet & Co.*

*v. Lacayo et al.*, No. 22-mc-00029 (S.D. Ohio filed Dec. 5, 2022)), the subpoenas seek cumulative, irrelevant, and collateral information, and should be quashed in their entirety.

## BACKGROUND

In November and December 2022, the parties in this case engaged in discussions about third-party subpoenas that Defendants served on Schneider Downs & Co. ("Schneider Downs"), which provided accounting and audit services to Mallet until 2016, and Crowe, LLP ("Crowe"), which provides similar services to Vantage. On December 13, 2022, after considering the parties' position statements, this Court ordered Mallet and Vantage to file a motion to quash the third-party subpoenas. *See* ECF No. 218. The Court further ordered Defendants to "make cross-filings regarding the same issues." *Id.* Mallet and Vantage filed their motion to quash on December 21, 2022. *See* ECF No. 224 ("MTQ Br."). Defendants submitted their cross-filing on December 21 as well. *See* ECF No. 221 ("MTQ Opp.").

The Court's order did not ask Defendants to file separate motions. Nevertheless, on December 21, Defendants filed two motions to compel regarding the Schneider Downs and Crowe subpoenas in addition to their cross-filing on the motion to quash. *See* ECF No. 219 ("Schneider Downs MTC"); ECF No. 220 ("Crowe MTC"). The motions are substantially similar to each other and to the cross-filing Defendants submitted. To reduce duplication, Mallet and Vantage are submitting a consolidated response to both motions to compel, incorporating their prior filings where appropriate.

## ARGUMENT

**I.     This Court Lacks The Authority To Resolve The Crowe Motion to Compel.**

Defendants' motion to compel Crowe to respond to the subpoena is not properly before this Court. As amended in 2013, Rule 45 requires a motion to compel to be filed in the court where

"compliance [with the subpoena] is required." Fed. R. Civ. P. 45(d). Crowe is located in Columbus, Ohio, and not in this District. *See* Crowe MTC, Ex. A at ECF Page 3 of 29. Accordingly, as an initial matter, any motion to compel with respect to the Crowe subpoena is to be filed in the Southern District of Ohio, which should then decide the motion or transfer it to this Court for resolution. *See* Fed. R. Civ. P. 45(f).[1]

In their motions, Defendants cite two pre-2013 amendment cases stating that the power to compel compliance with a subpoena lies in the issuing court. *See* Crowe MTC ¶¶ 28-29. Those cases are no longer good law in light of the amendments to Rule 45.[2] Additionally, in their opposition to the motion to quash, Defendants argued that the "place of compliance" for the Crowe subpoena is in this District, because the subpoena purports to require production of documents at Defendants' counsel's offices in Pittsburgh. *See* MTQ Opp. 6-7. Defendants do not make the same argument in their motions to compel, but regardless, allowing a party to force a subpoena recipient to litigate a subpoena-related motion at a place of the subpoenaing party's choosing would render meaningless Rule 45's purpose of protecting nonparties. *See* MTQ Br. 13 n.6.

Because Defendants should have filed their motion in the Southern District of Ohio, this Court should deny the motion to compel for lack of jurisdiction. *See First Am. Cinema, LLC v. Chicken Soup for the Soul Ent., Inc.*, No. 19-cv-09577, 2021 WL 1526759, at *1 (C.D. Cal. Apr. 7, 2021) (noting that "the issuing court is without jurisdiction to enforce the subpoena" under Rule

---

[1] As the Court knows, Mallet and Vantage's motion to quash the Crowe subpoena is currently pending in the Southern District of Ohio for this reason. However, Mallet and Vantage expect that the Southern District of Ohio will transfer the motion to quash to this Court. *See* MTQ Br. 13-14.

[2] *Compare* Fed. R. Civ. P. 45(c)(2)(i) (2012 ed.) ("At any time, on notice to the commanded person, the serving party may move the <u>issuing court</u> for an order compelling production or inspection."), *with* Fed. R. Civ. P. 45(d)(2)(B)(i) (2013 ed.) ("At any time, on notice to the commanded person, the serving party may move the court for the district <u>where compliance is required</u> for an order compelling production or inspection.") (emphases added); *see also* Fed. R. Civ. P. 45(f), 2013 comm. note ("Under Rules 45(d)(2)(B), 45(d)(3), and 45(e)(2)(B), subpoena-related motions and applications are to be made to the court where compliance is required under Rule 45(c).").

3

45(d)(2)(B)(i)); *Coleman v. Westport Homes, Inc.*, No. 18-MC-31, 2018 WL 3598880, at *1 (S.D. Ohio July 27, 2018) ("As the Court for the district where compliance with the Subpoena is required, this Court has jurisdiction over the dispute pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i).").

## II. The Court Should Deny Defendants' Motions To Compel.

Schneider Downs is based in Pittsburgh, so Defendants' motion as to Schneider Downs is properly filed in this jurisdiction. As shown below and in the pending motion to quash, however, the Schneider Downs motion fails on the merits. Likewise, to the extent the Court finds it has jurisdiction over the Crowe motion to compel, the Court should similarly deny that motion.

Defendants, as the party seeking to compel third-party responses, have the burden to establish the initial relevance of the material sought by the subpoenas. *See Harris v. McDonald*, No. 21-CV-1851, 2022 WL 3599394, at *4 (M.D. Pa. Aug. 23, 2022). A non-party subpoena "must meet a *higher* standard of relevance than subpoenas directed toward parties." *Conforti v. St. Joseph's Healthcare Sys., Inc.*, No. 17-cv-50, 2019 WL 3847994, at *2 (D.N.J. Aug. 15, 2019) (emphasis added). Even if the information sought is relevant, "discovery is not allowed where no need is shown, or where compliance is unduly burdensome, or where the potential harm caused by production outweighs the benefit." *Harris*, 2022 WL 3599394, at *4. As shown below, Defendants do not come close to making these showings.

### A. Most of The Requests Are Concededly Irrelevant.

Defendants' only attempt at showing the relevance of their requests in the motions to compel lies in their assertion that Mallet's "financial information" is "key" to their "ability to defend this litigation." Schneider Downs MTC ¶ 18; Crowe MTC ¶ 14. However, most of Defendants' requests to Schneider Downs and Crowe have nothing to do with Mallet's financial information. For example, the subpoenas broadly seek "written or oral policies" regarding

4

confidentiality and disaster recovery or documents regarding the "scope of work" Schneider Downs or Crowe performed from 2015 to the present. *See* Schneider Downs MTC, Ex. A at pp. 4-6; Crowe MTC, Ex. A at pp. 4-6. These non-financial requests are irrelevant, s*ee* MTQ Br. 7-11, and Defendants do not even attempt to argue otherwise in their motions.

### B. The Requests For Financial Information Are Irrelevant, Duplicative, And Unduly Burdensome.

Defendants' arguments as to the requests for financial information fail as well. Defendants assert that their motions should be granted because "audited financials, tax returns, and supporting documentation thereto are beneficial to Defendants as they will allow them to test the veracity of [Mallet's] damages claims." Schneider Downs MTC ¶ 36; Crowe MTC ¶ 34. However, Defendants already have financial information from Mallet, and their desire to "test" that information in third-party discovery is not a valid basis for demanding unfocused productions from the files of Mallet's auditors.[3]

***Mallet Has Produced Financial Information.*** Mallet has produced its financial information as required by the Court's orders. *See* ECF No. 216. In particular, Mallet has already produced its standalone audited financials and state tax returns, as well as Vantage Food overall progress and financial results (MALLET012545-12719) and voluminous internal Mallet financial data, including income statements, profit and loss data, and sales, revenue, and cost information (*e.g.*, MALLET011387-11393, MALLET011907, MALLET011908). Defendants claim that "Mallet has not produced federal income tax returns for 2018 and the income tax returns for 2021 are incomplete." Schneider Downs MTC ¶ 26; Crowe MTC ¶ 22. This is wrong. Mallet did

---

[3] Of the subpoena requests that Defendants have not withdrawn, the only ones that plausibly seek Mallet's "financial information" are Requests No. 9 (Mallet's financials), No. 11 ("internal financial statements, general ledgers, and other financial records provided" for audits between 2016 and the present), and perhaps No. 13 ("documents, workpapers, and summaries of any analysis done" of "any impairment to the goodwill of Mallet since Vantage's acquisition of Mallet in July of 2016").

produce its 2018 federal income tax return documents (MALLET013830–13853). For 2021, Mallet will continue to update its production as additional documentation becomes available.[4]

***Defendants' Claimed Need To "Test" This Information With Third-Party Discovery Is Insubstantial.*** Defendants cannot justify their requests by claiming that they need to "test" supposed "inconsistencies" in the Mallet production. To begin, as another judge in this District explained, in quashing subpoenas Defendants' counsel served on non-parties, the Federal Rules do not permit a party to take burdensome third-party discovery to "better understand" information produced by a party unless the information in question is a "'non-well-defined set whose completeness is not readily verifiable.'" *Seven Z Enters., Inc. v. Giant Eagle, Inc.*, No. 17-CV-740, 2020 WL 7240365, at *2-3 (W.D. Pa. Mar. 6, 2020) (quoting *Software Rights Archive, LLC v. Google Inc.*, No. 07-CV-511, 2009 WL 1438249, at *2 (D. Del. May 21, 2009)). That is not the case here. As just discussed, Mallet has produced the financial information requested by Plaintiffs. Further third-party discovery into these issues is irrelevant, cumulative, and unduly burdensome.

In addition, none of the "inconsistencies" Defendants claim to identify suggest that any further third-party discovery is necessary. Defendants contend, for example, that Mallet's corporate representative "confirmed" that Mallet provides its auditors with "Mallet-specific financial information, including *inter alia* balance sheets and profit and loss statements," and that such information has not been produced in this case. Schneider Downs MTC ¶ 23; Crowe MTC ¶ 19. The testimony Defendants cite says no such thing; Mallet's corporate representative merely agreed that Mallet presumably provided financial information to its accountants to prepare tax returns. *See* Tinge Tr. 272:7-10, attached as Exhibit D to the motions to compel. Moreover, Mallet has already provided Defendants with its internal financial information (*e.g.*, MALLET011387-

---

[4] This Court has held that *Vantage*'s financials are not relevant or discoverable unless those documents separately parse out Mallet's information. *See* ECF No. 216.

11393, MALLET011907, MALLET011908). Thus, again, third party discovery into these issues is unnecessary and unduly burdensome.

Defendants single out two so-called "large discrepancies" in Mallet's financial data and Mallet's federal tax returns. Schneider Downs MTC ¶ 25; Crowe MTC ¶ 21. Both are illusory. One concerns a difference in the net revenue reported internally and on the tax return for the year 2020. Yet the total difference in this figure is $2,000 out of more than $65 million dollars in revenue—approximately 0.03%. The second claimed "discrepancy" concerns the internal financial data produced by Mallet, which Defendants assert is in conflict with the "cost of goods sold" item ("COGS") on Mallet's 2020 tax return. The summary data Defendants rely on for this purported "discrepancy" (Dep. Exhibit 65) does not refer to "cost of goods sold," however, and Defendants do not attempt to show why the data in that document is inconsistent with the tax return, much less why any inconsistency would be relevant to damages. Moreover, as the face of the tax return indicates, COGS is determined pursuant to Form 1125-A, and Mallet produced its 2020 Form 1125-A to Defendants (MALLET013931). Thus, to the extent Defendants claim to need "supporting documentation" for the COGS figure (Schneider Downs MTC ¶ 36; Crowe MTC ¶ 33), they already have it.[5]

Ultimately, Defendants have not explained the relevance of dissecting Mallet's financial reporting to this case—and cannot. Their intent, instead, is to burden and harass Mallet by digging further and further into its highly confidential and competitively sensitive financial information, which is why the subpoenas should be quashed.

---

[5] Another "discrepancy" Defendants claim to identify is that "the incorrect names for the corporate officers for Mallet were provided [to the] Pennsylvania Department of Revenue on October 5, 2022." Schneider Downs MTC ¶ 27; Crowe MTC ¶ 23. This too is immaterial. The names of the officers on a 2022 state tax filing have no relevance to the damages that Defendants have caused by their unlawful conduct.

### C. Mallet and Vantage's Objections Are Timely.

Defendants argue that Schneider Downs, Crowe, and Mallet have waived objections to the subpoenas by failing to "timely" object or file a motion to quash. *See* Schneider Downs MTC ¶¶ 47-54; Crowe MTD ¶¶ 44-51. Mallet and Vantage have already explained why this argument fails. Mallet and Vantage were in communication with Defendants about the subpoenas throughout the relevant period and were actively negotiating to avoid the need to burden this Court with motions practice on a collateral issue. Defendants' timeliness objections are accordingly without merit. *See generally* MTQ Br. 12-13.

### D. Mallet and Vantage Have Standing.

Defendants finally argue that, because there supposedly is no accountant-client privilege available under federal law, Mallet and Vantage lack standing to move to quash the subpoenas. Schneider Downs MTC ¶¶ 55-67; Crowe MTC ¶¶ 52-64. Mallet and Vantage have addressed this argument at length as well. As previously explained, Mallet and Vantage have standing to object to those subpoenas based on their interests in their own financial records and related documents and this Court's November 17, 2022 Order. That is sufficient to show standing independent of any interest that may arise from an accountant-client privilege. *See* MTQ Br. 5-6.

## CONCLUSION

The Court should deny the motions to compel, grant the motion to quash the Schneider Downs subpoena, and, if transferred, grant the motion to quash the Crowe subpoena.

Dated: January 3, 2023    Respectfully Submitted:

*/s/ E. Brantley Webb*

Carmine R. Zarlenga
E. Brantley Webb

8

Nicholas Ronaldson
Catherine Medvene
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006-1101
czarlenga@mayerbrown.com
bwebb@mayerbrown.com
nronaldson@mayerbrown.com
cmedvene@mayerbrown.com

Marla N. Presley
Laura C. Bunting
JACKSON LEWIS P.C.
1001 Liberty Avenue, Suite 1000
Pittsburgh, PA 15222
(412) 232-0404 (Telephone)
(412) 232-3441 (Fax)
Marla.Presley@jacksonlewis.com
Laura.Bunting@jacksonlewis.com

Allison Gluvna Folk
JACKSON LEWIS P.C.
Park Center Plaza I, Suite 400
6100 Oak Tree Blvd.
Cleveland, OH 44131
(216) 750-0404 (Telephone)
(216) 750-0826 (Fax)
Allison.Folk@jacksonlewis.com

*Attorneys for Plaintiff/Counter Claim Defendant Mallet and Company Inc. and Counter Claim Defendant Vantage Specialty Chemicals, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 3, 2023, she electronically filed the foregoing document using the CM/ECF system, which constitutes service upon all counsel and *pro se* parties of record:

Ronald L. Hicks, Jr.
Carolyn Batz McGee
Kevin Meacham
Cara Brack
Porter Wright Morris & Arthur LLP
Six PPG Place, Third Floor
Pittsburgh, PA 15222
rhicks@porterwright.com
cmcgee@porterwright.com
kmeacham@porterwright.com
cbrack@porterwright.com

*Counsel for Defendants/Counterclaim Plaintiffs, Russell T. Bundy Associates Inc. d/b/a Bundy Baking Solutions and Synova, LLC*

William "Chick" Bowers
965 Club House Boulevard
New Smyrna Beach, FL 32168-7997
Chica965@yahoo.com

*Pro Se Defendant and Counterclaim Defendant William "Chick" Bowers*

Ada Lacayo
328 Michigan Avenue
Lower Burell, PA 15068
lacayo328@comcast.net

*Pro Se Defendant and Counterclaim Defendant Ada Lacayo*

*/s/ E. Brantley Webb*
E. Brantley Webb