IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALLET AND COMPANY INC., | ) | |
| | ) | |
| Plaintiff, | ) | 2:19-cv-01409-CB |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| ADA LACAYO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

By **March 31, 2025**, the parties shall file and serve, and may file and serve (permissive topics are indicated), the following.

**1. A revised list of Mallet's asserted trade secrets.**

The Court hereby ORDERS that leave to file under seal is GRANTED, and the redaction requirement is WAIVED. At a minimum, asserted trade secrets 35 and 36 should be removed. *See* Order on MILs filed at Doc. 447 at 2 (hereinafter Doc. 447). Items withdrawn per the discussion at page 3 of Doc. 447 likewise should be removed. It is within Plaintiffs' discretion to renumber the list; or to retain the original numbering, so that other materials "track" without revision. The numbering decision is without prejudice to any party's position as relates to jury presentation, an issue that will be revisited later, as appropriate. Like everything else, agreement of the parties will save time.

**2. A revised joint exhibit list.**

The parties' joint list at Doc. 442 must be updated to reflect the Court's rulings in Doc. 447, agreements reached by the parties and any unilateral adjustments.

**(a)** The parties are ORDERED to review their exhibits and reduce them to a more reasonable number. Plaintiffs' current submission identifies 423 exhibits (Doc. 442-1), and Defendants, 553 exhibits (Doc. 442-2). Even accounting for reductions flowing from recent rulings, more exhibits have been identified than realistically can be addressed. Counsel must be considerate of the jurors, the Court and the process. It will be hard to move expeditiously through stacks of binders fanned around the bench. *See* FPTO (Doc. 326) at ¶ 11 (two copies of exhibit binders must be supplied to the Court).[1]

**(b)** To the extent that disputes regarding authenticity or admissibility remain, they will be handled the first morning of trial. Counsel must act reasonably and in good faith, and eliminate arguments inconsistent with the Court's rulings, by their express terms and in spirit and intent. Counsel must avoid asserting arguments rejected by implication and those that a reasonable jurist would not accept. *Cf., e.g.*, Doc. 442-1 at pg. 2 (objecting to the admission of the email from Bundy to Zhou, requesting product information – an objection that, if sustained, would be reversible error in any court of competent jurisdiction).

**3. <u>Any other stipulations reached by the parties, on any topic</u>.**

The stipulated statement of background facts, Doc. 440, is compliant – but its contents sparse. Counsel should consider whether economy can be achieved by further agreement. The parties may favor substance over form, and present all additional stipulations in a single document.

---

[1] The parties shall use no larger than 3-inch binders, which hold around 570 pages. If the exhibits in Doc. 442 all were a single page documents, both side's would fill one binder. Doc. 442 itself stacks over half-an-inch high, printed, and each page summarizes multiple exhibits. For comparison, moreover, one of the summary judgment filings (Doc. 260) would have filled ten binders, and another one (Doc. 293) five binders.

**4. An updated joint witness list, adding participating lawyers and support staff.**

Counsel shall update their filing at Doc. 441, identifying their final list of anticipated witnesses. As for trial participants, they must include anyone seated at counsel table, and anyone having more than brief incidental contact with those seated. This shall include any support staff (IT specialists, paralegals, et cetera).

For witnesses, counsel must include the person's county of residence (e.g., "Roja Ergun, of Allegheny County, Pennsylvania," if Ms. Ergun so resides). The list will be used in the Court's order of jury selection procedure, for which counsel's input is limited to the above. Examples of similar filings may be found in the public record at 2:18-cv-01567-CB, Doc. 442 (final witness list, per similar instructions); and at 2:19-cv-00085-CB, Doc. 198 (order of jury selection procedure).[2]

IT IS SO ORDERED.

March 26, 2025                                    s/Cathy Bissoon
                                                  Cathy Bissoon
                                                  United States District Judge

cc (via email notification):

All Counsel of Record

Ada Lacayo, pro se (CM/ECF registered)

William Chick Bowers, pro se (chica965@yahoo.com)

---

[2] To reduce complication and potential disagreement, counsel shall not include witnesses' "titles." Only those witnesses previously referred to as "Dr." may be identified as such. As best the Court can discern, only two remain: Dr. John Scalf, Doc 442-2 at pg. 15 of 66; and Dr. Luis Rodriguez-Saona, *see* Doc. 329 at 19.