## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALLET AND COMPANY INC., | ) | |
| | ) | |
| Plaintiff, | ) | 2:19-cv-01409-CB |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| ADA LACAYO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER OF JURY SELECTION PROCEDURE

Once the jury panel has been placed in the Courtroom, and following some introductory comments by the undersigned, the Courtroom Deputy will administer the following oath to the panel, *en banc*:

> "Do you solemnly swear that you will answer truthfully all of the questions you are asked as a prospective juror, so help you God?"

Once the oath has been administered, the Courtroom Deputy/Law Clerk/Judge will then address the panel as follows:

"This case is docketed at Civil Action No. 19-1409, and the caption reads, Plaintiff, Mallet and Company Inc. versus Defendants Ada Lacayo, Russel T. Bundy Associates, Inc., *doing business as* Bundy Baking Solutions, Synova LLC and William 'Chick' Bowers.

There are Counterclaims, by Counterclaim Plaintiff Synova LLC versus Counterclaim Defendants Mallet and Company Inc., and Vantage Specialty Chemicals, Inc."

"I will now give you an overview of the case. The parties and their lawyers will have an opportunity to more fully outline their claims and defenses at trial, and this is only a brief summary.

This case is about products known as baking release agents.  A baking release agent is a substance applied to a baking pan to help release the baked good from the pan after baking and prevent it from sticking to the pan.  Baking release agents are very important to the operations of commercial bakeries.  Release agents are primarily oil-based products that coat the surface of a pan.  Mallet and Company Inc., or 'Mallet' for short, and Synova LLC, or 'Synova', make, market and sell competing baking release agents to commercial bakers.

Mallet has sued two individuals – Ms. Lacayo and Mr. Bowers – and two companies, Russel T. Bundy Associates, Inc., or 'Bundy,' and Synova.  Ms. Lacayo and Mr. Bowers are former Mallet employees.  Ms. Lacayo was a Mallet employee until February 2018, when she became an employee of Synova.  Mr. Bowers was a Mallet employee until January 2019, when he became an employee of Synova.  Ms. Lacayo and Mr. Bowers were employees of Synova until December 2020.

Synova is an affiliate of Bundy.  Bundy focuses on manufacturing, refurbishing, cleaning and selling baking pans, coatings and other equipment and services to commercial bakeries.  Synova was launched to enter the business of making and selling bakery release agents to commercial bakeries in the North American market.

Mallet has sued Ms. Lacayo and Mr. Bowers claiming that (1) they improperly disclosed certain of Mallet's confidential product formulas – in the case of Ms. Lacayo – and customer sales information – in the case of Mr. Bowers – to Bundy and Synova, in violation of legal duties owed to Mallet as their former employer; (2) they improperly used Mallet's confidential information during their employment with Synova, which benefited Bundy and Synova and harmed Mallet; and (3) they improperly accepted employment with Synova, despite promises they made to Mallet not to compete.

Mallet contends that defendants improperly took 'trade secrets,' including formulas for bakery release agents, and a Mallet customer sales list, with pricing information and a product saving comparison. Defendants deny the claims against them, and they have asserted several other defenses.

Mallet asserts nine legal claims against one or more of the defendants, as specified.

First, Mallet claims that Ms. Lacayo and Mr. Bowers breached their employment contracts with Mallet by accepting employment with Synova within a prohibited time period, and sharing Mallet's confidential information with Bundy and Synova.

Second, Mallet asserts that Ms. Lacayo and Mr. Bowers breached their fiduciary duty – which is a duty to act in the best interests of another – by taking Mallet's alleged trade secrets and providing them to Bundy and Synova.

Third, Mallet asserts that Bundy and Synova improperly interfered with Ms. Lacayo's and Mr. Bowers's contracts with Mallet, by hiring them and improperly taking Mallet's trade secrets.

Fourth, Mallet asserts that Bundy and Synova aided and abetted – that is, assisted and encouraged – Ms. Lacayo's and Mr. Bowers's breach of their fiduciary duties to Mallet, by assisting and encouraging them to breach their confidentiality obligations.

Fifth and Sixth, Mallet asserts that all defendants took trade secrets from Mallet, in violation of a federal statute, the Defend Trade Secrets Act; and a state statute, the Pennsylvania Uniform Trade Secrets Act.

Seventh, Mallet asserts a claim against all defendants for 'inevitable disclosure' of trade secrets, which means that Ms. Lacayo's and Mr. Bowers's employment with Synova and/or Bundy necessarily revealed Mallet's trade secrets.

<u>Eighth</u>, Mallet asserts a claim against all defendants for conversion – that is, wrongful taking – resulting from Ms. Lacayo's and Mr. Bowers's keeping Mallet's confidential information and providing it to Bundy and Synova, without consent or legal justification.

<u>Ninth</u>, Mallet asserts an unfair competition claim against all defendants, for having used and continuing to use Mallet's trade secrets.

Defendants deny all of the claims, they deny acting improperly in any way and they assert several legal defenses.

Synova has counterclaims against Mallet and its owner, Vantage Specialty Chemicals, Inc., or 'Vantage.' For these claims, Synova is a counterclaim plaintiff and Mallet and Vantage are counterclaims defendants.

<u>First</u>, Synova asserts that Mallet and Vantage intentionally interfered with their contractual relationship with Cathlene Colley, a former Mallet employee, by pressuring her to terminate her work relationship, as an independent contractor, with Synova.

<u>Second</u>, Synova asserts that Mallet and Vantage have engaged in unfair competition against them in the business of making and selling commercial baking release agents.

Mallet and Vantage deny the counterclaims, they deny acting improperly in any way and they assert several legal defenses."

For the questions that follow, the Courtroom Deputy/Law Clerk/Judge will inform the <u>panel</u> that "for the purposes of the questions asked today, 'immediate family' includes spouses, parents, grandparents, brothers, sisters, children, in-laws or anyone who lives in your home."

The Courtroom Deputy/Law Clerk/Judge will then address the <u>panel</u> as follows: "Please stand and say your juror number if your answer is 'yes' to any of the following questions."

1.     "I now will introduce <u>the parties</u>.  Mallet and Company Inc. is a plaintiff, and a counterclaim defendant.  Are any of you familiar with this entity?"

2.     "Vantage Specialty Chemicals, Inc., is the second counterclaim defendant.  Are any of you familiar with this entity?"

3.     "Ada Lacayo of Allegheny County, Pennsylvania, is a defendant.  [Asked to stand.] Are any of you familiar with Ms. Lacayo?  Ms. Lacayo is representing herself in this case, which is her right.  The law does not treat her differently than a represented party."

4.     "William 'Chick' Bowers of Volusia County, Florida, is a defendant.  [Asked to stand.] Are any of you familiar with Mr. Bowers?  Mr. Bowers also is representing himself, which is his right.  The law does not treat him differently than a represented party."

5.     "Russel T. Bundy Associates, Inc., which does business under the name Bundy Baking Solutions, is a defendant.  Are any of you familiar with this entity?"

6.     "Synova LLC, is a defendant and a counterclaim plaintiff.  Are any of you familiar with this entity?"

7.     "<u>The lawyers and support staff</u> in this case are as follows.  Mallet and Vantage are represented by the law firm of Mayer Brown.  Has this law firm, or any of its lawyers, ever represented you or any member of your immediate family?"

5

8.     "I will now identify the lawyers and support staff who will appear at trial for Mallet and Vantage.  When I say the person's name, they will rise.  I will pause for a moment, and if any of you know them, please stand and state your juror number.

- attorney Carmine R. Zarlenga.
- attorney E. Brantley Webb.
- attorney Erick J. Palmer.
- attorney Eric A. White.
- attorney Catherine E. Medvene.
- attorney Whitney A. Suflas.
- attorney Anna V. Durham.
- attorney Cecilia G. Rambarat.
- paralegal Molly December.
- paralegal Hawah Syeh.
- support staff Isaak Gonzalez.
- support staff Ellen Brickman.

9.     "Bundy and Synova are represented by the law firm of Nelson Mullins, Riley & Scarborough.  Has this law firm, or any of its lawyers, ever represented you or any member of your immediate family?"

10.     "I will now identify the lawyers, support staff and others who will appear at trial for Bundy and Synova.  When I say the person's name, they will rise.  I will pause for a moment, and if any of you know them, please stand and state your juror number.

6

- attorney Ronald L. Hicks.
- attorney Carolyn B. McGee.
- attorney Thomas S. Jones.
- attorney Kevin C. Meacham.
- attorney Cara L. Brack.
- attorney Jonah D. Samples.
- support staff Tricia Long.
- support staff Rene Karwowski.

11. "Bundy and Synova have two more people who will assist them at trial. First is Jennifer Keeney, with Edge Litigation Consulting. [Asked to stand.] Do any of you know Ms. Keeney?"

12. "Second is Rich Meiser, a trial technician with FTI Consulting. [Asked to stand.] Do any of you know Mr. Meiser?"

13. "In addition to the parties, witnesses in this case may include the following:
    - Roja Ergun, of Allegheny County, Pennsylvania
    - Michael Savidakis, of Lake County, Illinois
    - Ben Topercer, of Kenosha County, Wisconsin
    - Robert Shane Porzio, of Mecklenburg County, North Carolina
    - Matthew Conti, of Cook County, Illinois
    - Jan Tinge, of Mecklenberg County, North Carolina
    - Allison Butler, of Cook County, Illinois

- Robert Bundy, of Franklin County, Ohio

- William Hallmark, of Clark County, Ohio

- Amanda Tallarico, formerly Amanda Miller, of Franklin County, Ohio

- Gilbert Bundy, of Delaware County, Ohio

- Ronald ("Tom") Coles, who is deceased, former resident of Champaign County, Ohio

- Robert Mallet, of Allegheny County, Pennsylvania

- Robert Wilhelm, of Allegheny County, Pennsylvania

- James ("Jim") Galicic, of Allegheny County, Pennsylvania

- Anthony ("Jim") Gaetano, of Allegheny County, Pennsylvania

- Marta Scolaro, of St. John's County, Florida

- Shane Zhou, of Kent County, Michigan

- Ronald Wilson of Lyon County, Kansas

- Mick Sheets, of Champaign County, Ohio

- Cathlene Colley, of Allegheny County, Pennsylvania

- Dr. Eric Decker, of Hampshire County, Massachusetts

- Andrew Reisman, of Broward County, Florida

- Robert McSorley, of Cook County, Illinois

- John Scalf, of Cook County, Illinois

- Douglas King, of Allegheny County, Pennsylvania

- Brett Creasy, of Allegheny County, Pennsylvania

- Dr. Louis Rodriguez-Saona, of Champaign County, Ohio

Do you know any of these witnesses?"

14. "Have you heard or read anything about this case from any source, including but not limited to, written articles in print or on the internet, television or radio broadcasts or social media posts on any platform?"

15. "Have you, or any member of your immediate family been involved in the commercial baking industry, or sold baked goods for business purposes or personal monetary gain? This does not include supplying baked goods for fundraisers, charitable events or simply for the enjoyment of others." [If so, explain.]

16. "This case involves allegations that employees took information from their employer, including trade secrets, and provided them to a new employer, for their own benefit and the benefit of the new employer. Have you or any member of your immediate family been personally involved in similar scenario, on any side?" [If so, explain.]

17. "Have you or any member of your immediate family been asked or directed by an employer to enter a contract not to work with a competitor, or to keep confidential any information made available through the course of employment?"

18. "Have you ever served as a juror in a civil or criminal case, or as a member of a grand jury? (If so: "When? Was that in federal court or state court? What was the nature of the case? What was the outcome?")

19.     "Do you have any health-related, personal or other concerns that would prevent you from serving as an effective juror?"

20.     "This trial is expected to take no more than five days.  Do any of you have a significant hardship or other compelling reason that would make it impossible for you to serve on the jury?"

21.     "Other than what already has been discussed, is there any reason to believe that you cannot serve as a fair and impartial juror in this case?"

After these questions have been posed to the jury panel, each juror will then <u>individually</u> answer the following questions:

1.     "What is your present occupation?"

2.     "Who is your employer?  (If you are retired, who was your last employer and what was your occupation?)"

3.     "Are you married?  If so, what is your spouse's occupation and who is your spouse's employer?"

4.     "Do you have any adult children?  Are they employed?  By whom?"

5.      "Is there any other reason why you could not sit on this jury and render a fair verdict based on the evidence presented to you?"

After counsel has considered the panel's responses, the Court will have a conference, at which point challenges for cause will be entertained. Jurors stricken for cause will be dismissed, and the undersigned will excuse them from the courtroom. Once for-cause challenges are resolved, the parties will exercise peremptory challenges.

Of the first 13 jurors of the remaining panel, Plaintiff will have three peremptory challenges; and Defendants, collectively, will have three challenges (i.e., six total peremptory challenges). On a form provided by the Court, each peremptory challenge will be labeled, with "P-1" marking Plaintiff's first strike, "D-1" Defendants' first strike, and so on. Plaintiff will strike first, then Defendants will strike, and strikes will alternate until all six strikes are exhausted.

Stricken jurors will be excused, and the jury will consist of the seven panel members, in numeric sequence, that remain. If a seated juror is excused for any reason, trial will proceed with six jurors.

After the jury has been placed in the jury box, counsel will be asked if they approve of the selection process of the jury and the jury selected.

Prior to the beginning of testimony, the jury will be administered the following oath when the Judge is on the bench:

> "Do each of you solemnly swear that you will well and truly try the matters in issue now on trial, and render a true verdict, according to the law and the evidence, so help you God?"

11

After the entire case has been presented to the jury and before they retire for deliberations, the Courtroom Deputy will be sworn in as the Bailiff by the Law Clerk present, who will administer the following oath:

> "Do you solemnly swear to keep this jury together in some private and convenient place, and not to permit any person to speak to or communicate with them, nor to do so yourself unless by order of the court or to ask whether they have agreed on a verdict, and to return them into Court when they have so agreed, or when ordered by the Court, so help you God?"

April 7, 2025                                              s/Cathy Bissoon
                                                           Cathy Bissoon
                                                           United States District Judge

cc (via ECF email notification):

All Counsel of Record