# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALLET AND COMPANY INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 19-1409 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| ADA LACAYO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## JURY VERDICT FORM

We answer the questions submitted to us as follows:

## SECTION ONE

### Misappropriation of Trade Secrets Claims Against All Defendants

1.  Did Mallet prove by a preponderance of the evidence that Mallet owned property that

qualified as trade secret(s)?

Yes          No

☑            ☐

*If you answered "Yes" to Question 1, then proceed to Question 2.  Otherwise, this Section is complete and you may proceed to Section Two.*

2.    Identify the Asserted Trade Secrets, listed in trial Exhibit P-425, that you find qualify as trade secrets.  Please specify, all of the Asserted Trade Secrets or list the specific Asserted Trade Secrets.

All _____

Specific Trade Secret(s) ___ 14, 19, 20, 27, 44, 45, 50, 51, 62, 64, 65 ___

3.    Do you find that the Defendants improperly used (misappropriated) Mallet's trade secret(s)?  If yes, specify which Trade Secret(s)

Bundy
Yes ☑    No ☐    If yes, specify which Trade Secret(s) ___ All above except 64, 65 ___

Synova
Yes ☑    No ☐    If yes, specify which Trade Secret(s) ___ All above except 64, 65 ___

Lacayo
Yes ☑    No ☐    If yes, specify which Trade Secret(s) ___ All above except 64, 65 ___

Bowers
Yes ☑    No ☑    If yes, specify which Trade Secret(s) ___ 64, 65 ___

*If you answered "Yes" to Question 3 for any Defendant, then proceed to Question 4.  Otherwise, this Section is complete and you may proceed to Section Two.*

4.     Was Mallet harmed, or were Defendant(s) unjustly enriched, as a result of Defendant(s) misappropriation of Mallet's trade secrets?

| | Harm to Plaintiff? | | Defendant Unjustly Enriched? | | Did not Misappropriate |
|---|---|---|---|---|---|
| | Yes | No | Yes | No | N/A |
| Bundy | ☐ | ☑ | ☐ | ☑ | ☐ |
| Synova | ☑ | ☐ | ☐ | ☑ | ☐ |
| Lacayo | ☑ | ☐ | ☐ | ☑ | ☐ |
| Bowers | ☑ | ☐ | ☐ | ☑ | ☐ |

*If you answered "Yes" to any of the above questions, then proceed to Question 5.  If you answered "No" or "N/A" to all of question in Question 4, you have completed this section and should move to Section Two.*

5.     What amount of harm to Mallet, if any, was caused by Defendant(s)' misappropriation of its trade secret(s)?

Damages          $ _2,000,000_          **(if none, enter "0")**

*Proceed to Question 6.*

6.    What amount of unjust enrichment, if any, was caused by the improper use of Mallet's trade secrets by Defendant(s)?

Unjust Enrichment    $_____    (if none, enter "0")

*Proceed to Question 7.*

7.    Was Defendant's misappropriation of Mallet's trade secret(s) willful and malicious?

| | Yes | No |
|---|---|---|
| Bundy | ☑ | ☐ |
| Synova | ☑ | ☐ |

*If you answered "Yes" to any of the above questions, then proceed to Question 8.  Otherwise, this Section is complete and you may proceed to Section Two.*

8.    What amount of punitive damages, if any, do you award Mallet against Defendant(s)?

*(The amount cannot exceed two times the amount of compensatory damages you awarded.)*

Bundy    $ 500,000

Synova    $ 250,000

*Please proceed to Section Two.*

## SECTION TWO

### Inevitable Disclosure of Confidential Information and Trade Secrets. Against All Defendants

1.      Did Mallet prove by a preponderance of the evidence that the nature of Ms. Lacayo's or Mr. Bowers's work for Bundy and/or Synova made disclosure of Mallet's confidential information and trade secrets inevitable?

    Yes  ☑            No  ☐

*If your answer to Question 1 is "Yes" for either Defendant, then proceed to Question 2.  If your answer to Question 1 is "No" for both, this Section is complete and you may proceed to Section Three.*

2.      Did a Defendant's inevitable disclosure of trade secrets cause Mallet harm?

    Yes  ☑            No  ☐

*Please proceed to Section Three.*

## SECTION THREE

### Breach of Contract Against Lacayo and Bowers

1.      Did Mallet prove by a preponderance of the evidence that Ms. Lacayo or Mr. Bowers breached her/his non-competition and/or nondisclosure agreement(s)?

|  | Yes | No |
|---|---|---|
| Lacayo | ☑ | ☐ |
| Bowers | ☑ | ☐ |

*If your answer to Question 1 is "Yes" for either Defendant, then proceed to Question 2.  If your answer to Question 1 is "No" for both, this Section is complete and you may proceed to Section Four.*

2.      For the Defendant(s) who breached, did the breach cause Mallet harm?

|  | Yes | No | N/A (she did not breach) |
|---|---|---|---|
| Lacayo | ☑ | ☐ | ☐ |

|  | Yes | No | N/A (he did not breach) |
|---|---|---|---|
| Bowers | ☑ | ☐ | ☐ |

3.      For the Defendant(s) who breached, was any Defendant unjustly enriched as a result of the breach?

|  | Yes | No | N/A (no breach) |
|---|---|---|---|
| Lacayo | ☐ | ☑ | ☐ |
| Bowers | ☐ | ☑ | ☐ |

4.      For the Defendant(s) who breached, state the amount of damages you award to Mallet:

      (a) as compensation for its harm, if harm was proven; or

      (b) based on unjust enrichment, if a Defendant was unjustly enriched.

An award must be based on compensation for harm, or based on unjust enrichment –

it cannot be both.

*\*\* Also, an award of damages in this Section must be for harm(s) that are separate and apart from your award, if any, for Misappropriation of Trade Secrets in Section One.*

<u>CIRCLE ONLY ONE</u>

| | | | |
|---|---|---|---|
| Lacayo | Damages $_____ (leave blank if she did not breach) | Harm to Mallet | Unjust Enrichment |
| Bowers | Damages $_____ (leave blank if he did not breach) | Harm to Mallet | Unjust Enrichment |

*Please proceed to Section Four.*

7

## SECTION FOUR

### Breach of Fiduciary Duty Against Lacayo and Bowers

1.  Did a fiduciary or confidential relationship exist between Defendant and Mallet?

|  | Yes | No |
|---|---|---|
| Lacayo | ☑ | ☐ |
| Bowers | ☑ | ☐ |

*If your answer to Question 1 is "Yes" for either Defendant, proceed to Question 2. If your answer to Question 1 is "No" for both, this Section is complete and you may proceed to Section Five.*

2.  Did Mallet prove by a preponderance of the evidence that the Defendant breached a fiduciary duty owed to Mallet?

|  | Yes | No | N/A (she did not breach) |
|---|---|---|---|
| Lacayo | ☑ | ☐ | ☐ |

|  | Yes | No | N/A (he did not breach) |
|---|---|---|---|
| Bowers | ☑ | ☐ | ☐ |

*If your answer to Question 2 is "Yes" for either Defendant, then proceed to Question 3. If your answer to Question 1 is "No" or "N/A" for both, this Section is complete and you may proceed to Section Five.*

3.  For the Defendant(s) who breached, was Mallet harmed?

|  | Yes | No | N/A (she did not breach) |
|---|---|---|---|
| From Lacayo's breach | ☐ | ☑ | ☐ |

|  | Yes | No | N/A (he did not breach) |
|---|---|---|---|
| From Bowers's breach | ☐ | ☑ | ☐ |

*If your answer to Question 3 is "Yes" for either Defendant, then proceed to Question 4.  If your answer to Question 3 is "No" or "N/A" for both, this Section is complete and you may proceed to Section Five.*

4.      What damages do you award Mallet, if any, for Defendant(s)' breach?

*An award of damages in this Section must be for harm(s) that are separate and apart from your award, if any, for Misappropriation of Trade Secrets in Section One.*

Lacayo        $ 1.00
              (leave blank if she did not breach)

Bowers        $ 1.00
              (leave blank if he did not breach)

*Please proceed to Section Five.*

## SECTION FIVE

**A.    Tortious Interference with Contractual Relations Against Bundy and Synova**

1.    Did Mallet prove by a preponderance of the evidence that Bundy or Synova tortiously interfered with agreement(s) Mallet had with Ms. Lacayo or Mr. Bowers?

|          | Yes | No |
|----------|-----|----|
| Bundy    | ☑   | ☐  |

|          | Yes | No |
|----------|-----|----|
| Synova   | ☑   | ☐  |

*If your answer to Question 1 is "yes" for either Bundy or Synova, proceed to Question 2.  If your answer to Question 1 is "No" for both, this Section is complete.  Please proceed to Section 6.*

2.    Has Mallet proven by a preponderance of the evidence that Bundy's or Synova's actions in connection with the Mallet agreement(s) were <u>not</u> justified or privileged?

|          | Yes | No | N/A (no interference) |
|----------|-----|----|-----------------------|
| Bundy    | ☐   | ☑  | ☐                     |

|          | Yes | No | N/A (no interference) |
|----------|-----|----|-----------------------|
| Synova   | ☐   | ☑  | ☐                     |

*If your answer to Question 2 is "Yes" for either Bundy or Synova, proceed to Question 3.*
*If your answer to Question 2 is "No" or "N/A" for both, this Section is complete.*
*Please proceed to Section 6.*

3.      Did Bundy's and/or Synova's tortious interference cause Mallet harm?

Bundy

| Yes ☑ | No ☐ | N/A (no breach, or Bundy was justified/privileged) ☐ |

Synova

| Yes ☑ | No ☐ | N/A (no breach, or Synova was justified/privileged) ☐ |

*If your answer to Question 3 is "Yes" for either Bundy or Synova, proceed to Question 4.*
*If your answer to Question 3 is "No" or "N/A" for both, this Section complete.  Please proceed to Section 6.*

4.      What damages do you award Mallet, if any, for Defendant(s)' breach?  Also, if the Defendant's conduct was outrageous, state the amount of punitive damages, if any, entered against it.

*\*An award of damages in this Section must be for harm(s) that are separate and apart from your award, if any, for Misappropriation of Trade Secrets in Section One.*

Bundy          Compensatory Damages                    Punitive Damages

$ _250, 000_                                   $ _250, 000_
(leave blank if it did not interfere          (leave blank if it did not interfere
*or* it was justified/privileged)             *or* it was justified/privileged
                                              *or* no outrageous conduct)

Synova         Compensatory Damages                    Punitive Damages

$ _250, 000_                                   $ _250, 000_
(leave blank if it did not interfere          (leave blank if it did not interfere
*or* it was justified/privileged)             *or* it was justified/privileged
                                              *or* no outrageous conduct)

*Please proceed to Section 6.*

11

## SECTION SIX

### Aiding and Abetting Breach of Fiduciary Duty Against Bundy and Synova

1.      In Section Four, above, did you find that Ms. Lacayo or Mr. Bowers (a) owed a fiduciary

duty, and (b) breached that duty?  Check the box that applies.

☑  Yes, Ms. Lacayo or Mr. Bowers owed          ☐  No, neither did.
    a fiduciary duty and breached it.

*If your answer to Question 1 is "Yes", then proceed to Question 2.  If your answer to Question 1 is "No", this Section is complete and you may proceed to Section Seven.*

2.      Did Mallet prove by a preponderance of the evidence that Bundy or Synova aided and

abetted in a breach of fiduciary duty owed by Ms. Lacayo or Mr. Bowers?

|          | Yes | No |
|----------|-----|-----|
| Bundy    | ☑   | ☐  |

|          | Yes | No |
|----------|-----|-----|
| Synova   | ☑   | ☐  |

*If your answer to Question 2 is "Yes" for either Bundy or Synova, proceed to Question 3.*
*If your answer to Question 2 is "No" for both, Section Six is complete and you may proceed to Section Seven.*

3.      Did Bundy's or Synova's aiding and abetting cause Mallet harm?

|          | Yes | No | N/A (Bundy did not aid and abet) |
|----------|-----|-----|----------------------------------|
| Bundy    | ☑   | ☐  | ☐                                |

|          | Yes | No | N/A (Synova did not aid and abet) |
|----------|-----|-----|-----------------------------------|
| Synova   | ☑   | ☐  | ☐                                 |

12

*If your answer to Question 3 is "Yes" for either <u>Bundy</u> or <u>Synova</u>, proceed to Question 4.*
*If your answer to Question 2 is "No" of "N/A" for both, Section Six is complete and you may proceed to Section Seven.*

**4.**     What compensatory damages do you award Mallet, if any, for Defendant(s)' aiding and abetting?  Also, if the Defendant's conduct was outrageous, state the amount of punitive damages, if any, entered against it.

*\*An award of damages in this Section must be for harm(s) that are separate and apart from your award, if any, for Misappropriation of Trade Secrets in Section One.*

Bundy         Compensatory Damages                    Punitive Damages

$ _250,000_                              $ _500,000_
(leave blank if it did not aid and abet)    (leave blank if did not aid and abet, *or* its conduct was not outrageous)

Synova         Compensatory Damages                    Punitive Damages

$ _250,000_                              $ _500,000_
(leave blank if it did not aid and abet)    (leave blank if did not aid and abet, *or* its conduct was not outrageous)

*Please proceed to Section Seven.*

**SECTION SEVEN**

**Conversion Against All Defendants**

1.    Did Mallet show by a preponderance of the evidence that Mallet owned – or had a right of possession in – confidential and proprietary information, and that it was deprived of its property rights by wrongful act(s) of the Defendant that was/were inconsistent with Mallet's property rights?

| | Yes | No |
|---|---|---|
| Bundy | ☑ | ☐ |
| Synova | ☑ | ☐ |
| Lacayo | ☑ | ☐ |
| Bowers | ☑ | ☐ |

*If your answer to Question 1 is "Yes" for any Defendant, then proceed to Question 2.  If your answer to Question 1 is "No" for all Defendants, this Section is complete and you may proceed to Section Eight.*

2.    Did Mallet suffer damages as a result of Defendant(s)' conversion?

|  | Yes | No | N/A (no conversion by Bundy) |
|---|---|---|---|
| Bundy | ☑ | ☐ | ☐ |

|  | Yes | No | N/A (no conversion by Synova) |
|---|---|---|---|
| Synova | ☑ | ☐ | ☐ |

|  | Yes | No | N/A (no conversion by Lacayo) |
|---|---|---|---|
| Lacayo | ☐ | ☑ | ☐ |

|  | Yes | No | N/A (no conversion by Bowers) |
|---|---|---|---|
| Bowers | ☐ | ☑ | ☐ |

*If your answer to Question 2 is "Yes" for any Defendant, then proceed to Question 3.  If your answer to Question 2 is "No" for all Defendants, this Section is complete and you may proceed to Section Eight.*

3.      What compensatory damages do you award Mallet, if any, for Defendant(s)' conversion?

Also, if Bundy's or Synova's conduct was outrageous, state the amount of punitive damages,

if any, entered against them.

*An award of damages in this Section must be for harm(s) that are separate and apart from your
award, if any, for Misappropriation of Trade Secrets in Section One.*

Bundy          Compensatory Damages              Punitive Damages

               $_____1.00_____                 $_____1.00_____
               (leave blank if no conversion)     (leave blank if no conversion,
                                                   *or* no outrageous conduct)

Synova         Compensatory Damages              Punitive Damages

               $____250,000____                   $____250,000____
               (leave blank if no conversion)     (leave blank if no conversion,
                                                   *or* no outrageous conduct)

Lacayo         Compensatory Damages              Punitive Damages N/A

               $____1.00____
               (leave blank if no conversion)

Bowers         Compensatory Damages              Punitive Damages N/A

               $____1.00____
               (leave blank if no conversion)

*Please proceed to Section Eight.*

16

<u>**SECTION EIGHT**</u>

**A.**    <u>**Unfair Competition, Against All Defendants**</u>

1.    Did Mallet prove by a preponderance of the evidence that Defendant(s) engaged in unfair conduct, such as deceptive marketing, misappropriation of trade secrets and other intangible trade values, or acts or practices that are actionable under federal or state statutes, causing harm to Mallet's commercial relations?

Bundy    Yes ☑    No ☐

Synova    Yes ☑    No ☐

Lacayo    Yes ☑    No ☐

Bowers    Yes ☑    No ☐

*If your answer to Question 1 is "Yes" for any Defendant, then proceed to Question 2.  If your answer to Question 1 is "No" for all Defendants, **your deliberations are complete.  Please sign and date the Verdict Form, on the next page, and notify the Court that you have reached a verdict.***

2.    What damages do you award Mallet, if any, for Defendant(s)' engagement in unfair

competition?  Also, if Bundy's or Synova's conduct was outrageous, state the amount of punitive

damages, if any, entered against them.

*An award of damages in this Section must be for harm(s) that are separate and apart from your
award, if any, for Misappropriation of Trade Secrets in Section One.*

Bundy          Compensatory Damages                Punitive Damages

              $ _100,000_                          $ _100,000_
              (leave blank if no                   (leave blank if no unfair competition,
              unfair competition)                  *or* no outrageous conduct)


Synova         Compensatory Damages                Punitive Damages

              $ _400,000_                          $ _400,000_
              (leave blank if no                   (leave blank if no unfair competition,
              unfair competition)                  *or* no outrageous conduct)


Lacayo         Compensatory Damages                Punitive Damages N/A

              $ ~~100~~ 1.00
              (leave blank if no
              unfair competition)


Bowers         Compensatory Damages                Punitive Damages N/A

              $ ~~100~~ 1.00
              (leave blank if no
              unfair competition)


***Your deliberations are complete.  Please sign and date the Verdict Form, on the next page,
and notify the Court that you have reached a verdict.***

We the Jury have reached unanimous decision regarding each Section in this Jury Verdict Form, as reflected in the responses marked in each Section.

1. _____     _____
   (Jury Foreperson's signature)                    Date

2. _____     6. _____

3. _____     7. _____

4. _____

5. _____

19