**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MALLET AND COMPANY INC., | ) | |
| | ) | |
| Plaintiff, | ) | 2:19-cv-01409-CB |
| | ) | |
| v. | ) | Chief Judge Cathy Bissoon |
| | ) | |
| ADA LACAYO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Assuming the Notices of Appeal (Docs. 597, 598 & 599) were not premature, this Court has jurisdiction to resolve the loose-ends addressed herein. U.S. v. Pelullo, 14 F.3d 881, 907 (3d Cir. 1994) ("During the pendency of the appeal[,] the district court retains . . . the limited authority to take any steps that will assist the Court of Appeals in its determination."); (citations to quoted and other sources omitted, here and hereafter); Venen v. Sweet, 758 F.2d 117, 121 n.2 (3d Cir. 1985) ("A district court, during the pendency of an appeal[,] is not divested of jurisdiction to determine an application for attorney's fees, to issue orders regarding the filing of bonds or supersedeas bonds, or to modify, restore, or grant injunctions.").

The parties' joint Motion (**Doc. 589**) to supplement and/or amend the trial record is **GRANTED**, consistent with the proposed order (**Doc. 589-6**), which is **ADOPTED** as the Order of Court.

Plaintiff's supplemental Motion (**Doc. 590**) for attorney's fees is **GRANTED**, and the Court awards the additional **$587,298.79** requested. *See id.* Defendants do not object to an award of additional fees, generally. Doc. 596. Rather, they level the same objections as

previously stated.  *See id.*  Those objections are overruled for the reasons previously stated, and Plaintiff's analyses are incorporated by reference.

The corporate Defendants' unopposed Motion (**Doc. 601**) for approval of the Amended Irrevocable Standby Letter of Credit (Doc. 600) is **GRANTED**.  The Court's approval is made consistent with its prior Orders at Docs. 550 & 551.

Finally, it is hereby ORDERED that the Clerk of Court shall release the preliminary injunction bond, in the amount of $500,000.00 (*see* Docs. 119 & 126), by making payable that amount to the Plaintiff, or its designated payee.[1]  This security was paid into court pursuant to Fed. R. Civ. P. 65(c).  The Order of preliminary injunction now is moot.  The dicta relied upon by Defendants in Universal Athletic Sales Co. v. American Gym, 480 F. Supp. 408, 424 (W.D. Pa. 1979) is unavailing.  That case addressed a supersedeas bond, and the Court held "there [was] nothing wrong with executing on an appealed judgment where no supersedeas bond [had] been filed."  *Id.* at 422; *see also id.* at 412, 422-23.

Here, Plaintiff has agreed to stay proceedings to enforce the money judgment. Docs. 550, 551, 600 & 601; *see* Fed. R. Civ. P. 62.  The Court doubts that Defendants wish for the matter to be revisited.

A Rule 58 judgment will issue contemporaneously herewith.  In filing it, the Court states no opinion regarding the timing of the prior Notices of Appeal.

---

[1]  The Clerk of Court's records indicate that the $500,000.00 payment was made by Vantage Specialty Chemicals Inc.; and it was mailed by Jackson Lewis, P.C.  A representative of the Finance Department will contact counsel for the Plaintiff/Counterclaim Defendant to discuss details regarding a return of the funds.

IT IS SO ORDERED.


April 16, 2026                               s/Cathy Bissoon
                                            Cathy Bissoon
                                            Chief United States District Judge

cc (via email notification):

All Counsel of Record

Ada Lacayo, pro se (CM/ECF registered)

William Chick Bowers, pro se (chica965@yahoo.com)